IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Viresh M. Sinha, | ) | C/A No. 3:20-cv-00719-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Henry McMaster, Christy Hall, Robert G. Woods, IV, James H. Lucas, and Harvey Peeler, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (the "Report"). Based on the facts and law stated below, the court **ACCEPTS** the Magistrate Judge's Report, **DENIES** Plaintiff's Motion to Proceed in Forma Pauperis, ECF No. 4, and **DISMISSES** Plaintiff's 42 U.S.C. § 1983 claim without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Viresh M. Sinha ("Plaintiff"), proceeding pro se, filed his complaint pursuant to 42 U.S.C. § 1983. Plaintiff is a citizen of the State of South Carolina and alleges his constitutional rights to due process, health, and safety under the Fourteenth Amendment have been violated by South Carolina Governor Henry McMaster, Secretary of Transportation Christy Hall, Acting Director of the South Carolina Department of Public Safety Robert G. Woods, IV, Speaker of the South Carolina House James H. Lucas, and President of the South Carolina Senate Harvey S. Peeler (collectively "Defendants"). [ECF No. 1 §§ I, II.] Contemporaneously with the filing of his

complaint, Plaintiff also filed a short form application to proceed in district court without prepaying fees or costs ("Form AO 240") [ECF No. 4.].

The Magistrate Judge issued the Report recommending that this court deny Plaintiff's motion to proceed in forma pauperis and dismiss the § 1983 claim because Plaintiff lacks standing to bring suit. [ECF No. 13 p. 1 ¶ 1, p. 6 ¶ 3.] Attached to the Report was a notice of right to file objections *Id.* p. 12. Plaintiff filed objections, ECF No. 16, and the matter is now ripe for consideration.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed

findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The court must liberally construe pro se pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Construing Plaintiff's objections as liberally as possible, Plaintiff objects to the Report's recommendation that his motion to proceed in forma pauperis be denied on the grounds that, although he owns a car worth $19,200.00 and possesses inventory from a prior business valued at $30,000.00, "none of those assets can be liquidated." [ECF No. 16 p. 1 ¶ 1.] He also requests that the court consider holding his inventory as $400.00 worth of collateral "till he is able to pay his filing fee." *Id*. p. 1 ¶ 3. Finally, Plaintiff objects to the Report's finding that he lacks standing. Plaintiff maintains he is entitled to proceed because he seeks to redress "violations of the constitution and laws of the United States" he alleges are being committed by members of the Executive and Legislative branches of the State of South Carolina. *Id*. p. 12 ¶ 19.

### I. IN FORMA PAUPERIS

The district court has discretion to grant or deny applications to proceed in forma pauperis. *See Dillard v. Liberty Loan Corp.*, 626 F. 2d 363, 364 (4th Cir. 1980); s*ee also Boxton v. Wilkie*, No. 3:19-cv-02699-JMC, 2020 WL 2988945, at *2 (D.S.C. June 4, 2020). Plaintiff filed this case pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. A litigant does not have to show he is completely destitute to qualify as indigent within the meaning of the statute.

*Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 337-44 (1948); *Froneberger v. Charleston's Seafood Restaurant*, 825 F.2d 406 (Table), 1987 WL 37856, at *1 (4th Cir. 1987). However, the "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who … would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972); *see also Gallman v. Commissioner of Social Security Administration*, No. 1:22-2838-RMG-SVH, 2022 WL 4825303, at *1 (D.S.C. Aug. 26, 2022).

In the Report, the Magistrate Judge recommends denying Plaintiff's application to proceed without prepaying fees or costs, ECF No. 13 at 6, as requested in the Form AO 240, ECF No. 4. Courts in the District of South Carolina use the three tests in *Carter v. Telectron, Inc.*, 452 F. Supp. 939 (S.D. Tex. 1976) to determine whether a person should be allowed to proceed in forma pauperis under 28 U.S.C. § 1915. *See, e.g., Vandiver v. Alorica Inc.*, No. 6:21-cv-01770, at *1 (D.S.C. August 9, 2021); *Boxton*, 2020 WL 2988945, at *2. Courts applying *Carter* consider (1) whether the litigant is barred from the federal courts by reason of his impecunity; (2) if his access to the courts is blocked by the imposition of an undue burden; and (3) whether he is forced to contribute his last dollar, or render himself destitute, to prosecute his claim. *Carter,* 452 F. Supp. at 943.

In Form AO 240, ECF No. 4, Plaintiff states he has been unemployed since September 19, 2019, and denies he has any form of income. *Id*. at 1. His assets include $1,100.00, either in cash or a checking or savings account, a BWM valued at $19,200.00, and inventory from a prior business valued at approximately $30,000.00. *Id*. at 2. His monthly expenses include rent of $775, utilities of $150, insurance of $125, gas and groceries of $150, and child support of $648. *Id*. His

4

debt is comprised of approximately $40,000.00 to various banks and department stores, and there is a lien on the BMW of $9,600.00. *Id*.

The Report recommends denying Plaintiff's motion to proceed in forma pauperis because it does not appear that he will have to choose between abandoning a potentially meritorious claim or forgo the necessities of life to pay the $400 filing fee, nor would paying the fee leave Plaintiff destitute, impose an undue hardship, or effectively block his access to the courts. [ECF No. 13, p. 6 ¶ 1.] Plaintiff objects, stating that his two main assets – his car and his $30,000.00 worth of inventory – cannot be liquidated. [ECF No. 16 at 1.] Plaintiff argues he cannot liquidate his car because it is "his only mode of transportation," and he cannot liquidate his inventory because it is from a "*Prior* Business" (emphasis in original). *Id.*

The court finds Plaintiff's objection insufficient to show indigency necessary to grant Plaintiff's request to proceed without prepaying costs or fees. As to Plaintiff's car, whether it is Plaintiff's only means of transportation has no bearing on our analysis of the car's value. *See Boxton*, 2020 WL 2988945, at *2 (including automobiles in considering petitioner's indigency status). Furthermore, the lien on the car is worth half the car's value, ECF No. 4 at 2, meaning the Plaintiff has nearly $10,000.00 worth of equity in the car. As to the $30,000.00 worth of inventory from a prior business, Plaintiff has made only a conclusory statement that he cannot liquidate the asset. [ECF No. 16 at 1.] He has not offered a reason why he cannot liquidate the asset, neither has he said what the nature of the inventory is. The court finds Plaintiff would not be rendered destitute by paying the filing fee, nor has the Plaintiff made any indication that requiring him to pay the filing fee would impose an undue hardship or effectively block his access to the courts.[1]

---

[1] Plaintiff asks that the court hold his inventory as collateral as an alternative to paying the $400.00 filing fee. However, holding assets as collateral is not an acceptable form of payment with the

## II. STANDING TO BRING A CLAIM BASED ON § 1983

The Report recommends Plaintiff's case be summarily dismissed due to lack of standing under 42 U.S.C. § 1983 because he fails to show a particularized injury and because he fails to demonstrate a causal connection between the alleged injury and the conduct of Defendants [ECF No. 13 pp. 6–10.] The Report also recommends dismissing Plaintiff's case on the grounds that he is asking the court to intervene in the affairs of the political branches in violation of the separation of powers doctrine. *Id*. The court agrees with the Report's findings and follows the recommendations for the reasons set forth below.

Plaintiff objects to the finding that he lacks standing on the ground that he brought this action under § 1983 "to redress the violations of the constitutions and the laws of the United States." [ECF No. 16 p. 12 ¶ 18.] To support his objection, Plaintiff lists the "Actions/In-Actions" (sic) of the State's highway safety plan and quotes the First Amendment, emphasizing "Congress shall make no law … abridging … the right of the people peaceable to assemble, <u>and to petition the government for a redress of grievances</u>" (emphasis in original). *Id.* ¶¶ 19, 20. Even giving this objection the most liberal of interpretation, Plaintiff has not provided sufficient evidence to dispute the Report's finding that he lacks standing under § 1983.

To succeed on a § 1983 claim, the aggrieved party must show a specific injury that violates his federally guaranteed rights by a person acting under the color or authority of state law. *See* 42 U.S.C. § 1983; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). He must also allege a causal connection or affirmative link between the conduct complained of and the injury he sustained. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

---

Clerk of Court's Office. ("Acceptable forms of payment are credit card, cash, check, or money order." http://www.scd.uscourts.gov/Resourecs/fee.asp.)

6

Plaintiff has failed to do either. The only harm Plaintiff alleges he has suffered personally is being in "a mental state of constant fear" due to a high number of traffic fatalities. [ECF No. 16 at 6 ¶ 1.] He admits that he has not been physically injured on the road. *Id*. at 7 ¶ 6. Thus, Plaintiff has failed to show the specific injury necessary for standing in a 42 U.S.C. § 1983 claim. *See Smith v. Travelpiece*, 31 F.4th 878, 884 (4th Cir. 2022) ("[I]dentifying when Plaintiffs' cause of action accrued requires that we first isolate the precise constitutional violation alleged."). Even if Plaintiff did succeed in proving the first prong of this test, his § 1983 claim would still fail because the causal connection between his mental anguish and Defendants' failure to produce an effective highway safety plan is too tenuous to be sustained. *See Wright*, 766 F.2d at 850 ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'"). In his objection, Plaintiff cites the Chaos theory[2] to show casual connection. *Id*. at 8 ¶¶ 1-2. This is insufficient to show an affirmative link between the conduct Plaintiff complains of and the injury he sustained

Plaintiff also fails to show why his case should not be dismissed for asking the court to intervene in the affairs of the policymaking branches of government in violation of separation of powers. [ECF No. 13 at 9, ECF No. 16 at 10.] He says that he is not asking this court to intervene in the political branches of government, but to "Compel (review) the Defendants' 'Action and In-actions' of enforcement of Laws which are already in existence." [ECF No. 16 at 10.] The court finds that this is exactly the kind of policy making best left to the political branches of the state

---

[2] The Chaos theory, which is "concerned with the unpredictable course of events," is best illustrated by the butterfly effect, or the idea that a butterfly flapping its wings in one place can have unimagined consequences in some other part of the universe at some time in the future. *See* [https://www.sciencedirect.com/topics/earth-and-planetary-sciences/chaos-theory#:~:text=Chaos%20is%20best%20illustrated%20by%20Lorentz%E2%80%99%20famous%20butterfly,instance%2C%20is%20very%20sensitive%20to%20the%20initial%20conditions](https://www.sciencedirect.com/topics/earth-and-planetary-sciences/chaos-theory) .

government and that to intervene would be inappropriate here. *See Ansley v. Warren*, 861 F.3d 512, 517 (4th Cir. 2017) ("Vindicating *public* interest … is the function of the state and federal political branches.") (emphasis in original).

The court adopts the Report's recommendation that Plaintiff's case be dismissed for lack of standing under 42 U.S.C. § 1983. Because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits, dismissal without prejudice is appropriate here. *Goldman v. Brink*, 41 F.4th 366 (4th Cir. 2022). The court also finds that these deficiencies cannot be corrected by improved pleading. Therefore, the court dismisses the action in its entirety. *See Bing v. Brivo Systems, LLC*, 959 F.3d 605, 611 (4th Cir. 2020)

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Report, ECF No. 13, and incorporates the report by reference herein. As a result, the court **DENIES** Defendant's request to proceed in forma pauperis as set forth in Form AO 240, the application to proceed in district court without prepaying fees or costs. [ECF No. 4.] Because Plaintiff lacks standing to bring this case under 42 U.S.C. § 1983, Plaintiff's claim is **DISMISSED** without prejudice and the Clerk of Court is instructed to dismiss the action in its entirety pursuant to *Bing v. Brivo Systems, LLC*, 959 F.3d 605 (4th Cir. 2020).

s/ Sherri A. Lydon  
United States District Judge

Date: November 9, 2022